**Donald Wilson GRUBB, Petitioner— Appellant,**

v.

**Jeanne WOODFORD, The Director of the California Department of Corrections \* Respondents—Appellees.**

**No. 03–56462.**

United States Court of Appeals, Ninth Circuit.

---

\* The respondent-appellee should be identified

as Jeanne Woodford, Director of the Califor-

Submitted April 7, 2004.**

Decided June 16, 2004.

Donald Wilson Grubb, Hemet, CA, pro se.

nia Department of Corrections. The Clerk shall amend the docket to reflect the above caption.

** This disposition is not appropriate for publication and may not be cited to or· by the

Kyle N. Shaffer, Office of the Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SNEED, SKOPIL, and LEAVY, Circuit Judges.

## MEMORANDUM ***

Donald Wilson Grubb (Grubb), a California state prisoner now on parole, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we affirm.

We review de novo the district court's denial of Grubb's habeas petition. *Hatton v. Bonner*, 356 F.3d 955, 961 (9th Cir. 2004).

### A. *Ineffective Assistance of Counsel*

Grubb claims he was deprived of the effective assistance of counsel when he entered a guilty plea to the charge of failing to register as a sex offender pursuant to California Penal Code § 290. Grubb contends that counsel was ineffective for failing to contest the sufficiency of the arrest warrant, for failing to request a probation report, for advising him that he had no viable defenses, and for advising him that he faced a possible life sentence. Where a defendant enters a plea, the voluntariness of the plea is affected by whether the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

144

defendant received effective assistance of counsel. *See Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prevail, the defendant must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Id.* at 57; *Strickland v. Washington,* 466 U.S. 668, 670, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The record establishes that Grubb was informed of his rights, including the maximum possible sentence of six years, that he voluntarily waived those rights, and that he entered into a negotiated plea agreement for a sentence less than his maximum exposure. Grubb asserts that he told his counsel that he believed he had complied with the registration requirements, but offers no evidence to support this asserted compliance. Grubb has not demonstrated that his counsel's performance in connection with the plea agreement was deficient, or that he was prejudiced by any such deficiency. We conclude that the state court's decision denying Grubb's claims based upon ineffective assistance of counsel was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

B. *Sentence Enhancement*

Grubb claims that the use of his 1984 conviction to double his sentence constituted an impermissible sentence enhancement. This contention was rejected by the California Supreme Court in *People v. Garcia,* 25 Cal.4th 744, 757, 107 Cal. Rptr.2d 355, 23 P.3d 590 (2001). The United States Supreme Court has established that recidivist statutes which enhance punishment based upon a prior conviction do not violate the Double Jeopardy Clause. *Monge v. California,* 524 U.S. 721, 727–78, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

The California courts did not unreasonably apply clearly established federal law. The district court properly dismissed Grubb's petition for habeas relief.

AFFIRMED.